Filed 3/2/15  P. v. Watler CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B252845 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA097971) |
| v. | |
| RENALDO WATLER, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce Marrs, Judge.  Affirmed.

Law Offices of Russell S. Babcock and Russell S. Babcock, under appointment by the Court of Appeal, and Renaldo Watler, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Renaldo Watler appeals from the judgment entered after his jury conviction of assault with a semiautomatic firearm, possession of a firearm by a felon, possession of ammunition, and discharge of a firearm with gross negligence. Watler's appointed counsel filed a *Wende* brief (*People v. Wende* (1979) 25 Cal.3d 436), and Watler filed a supplemental brief in pro. per.

We briefly review the pertinent facts. On May 13, 2012 (Mother's Day), Watler went into a Walgreens store in Pomona with a drawn .9 millimeter semiautomatic handgun, and fired several shots in the direction of one of the victims, Charles Babb. Babb was not injured, but one of the bullets lodged in the hip of 17-year-old Samantha Casey, who was shopping for greeting cards with her mother and sisters. Watler then ran outside and shot at Babb's car. Later, Babb identified Watler as the shooter. While detained on unrelated charges in Las Vegas, Watler admitted shooting at Babb and his car. He claimed to have done so in self-defense, but also told police Babb had raped his sister.

Watler was charged with the premeditated attempted murder of Babb and Casey (Pen. Code,[1] §§ 187, subd. (a), 664, subd. (a); counts 1 and 2), assault with a semiautomatic weapon on Babb and Casey (§ 245, subd. (b); counts 3 and 4), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 5), possession of ammunition (§ 30305, subd. (a)(1); count 6), and discharge of a firearm with gross negligence (§ 246.3, subd. (a); count 7). Firearm allegations were attached to the first four counts, allegations of great bodily injury were attached to counts 2 and 4, and five prior felony convictions were alleged as to counts 5 and 6. (§§ 12022.5, 12022.7 & 12022.53.) As to all counts, the information alleged Watler had three prison priors and had committed the current offenses while on bail. (§§ 667.5, 12022.1.)

Before the jury trial, the court denied Watler's request to have expert testimony regarding his mental state. Babb chose not to testify during trial, but the prosecution called other eyewitnesses and introduced the store's surveillance tapes, Watler's

---

[1] Statutory references are to the Penal Code.

admission to police, and his recorded jailhouse conversation about the incident. During the defense's case, Watler's sister testified Babb had raped her in 2006. Watler testified that seeing Babb at Walgreens reminded him of the rape; he went out and cried in front of the store, then went back in and shot at Babb with the intent to scare him. Watler claimed not to have seen Casey because he had "tunnel vision."

The jury acquitted Watler of the attempted murder charges, deadlocked on the lesser charges of attempted voluntary manslaughter, and convicted him of the remaining charges and enhancements. The court sentenced Watler to an aggregate term of 28 years 4 months. The court imposed the upper term of nine years on count 3, plus the upper term of 10 years on the firearm enhancement, three years for the prison priors, and two years for committing the crime while on bail, for a total of 24 years. The court imposed a consecutive term of four years, eight months on count 4, and three concurrent two-year terms on counts 5 through 7. It awarded Watler 167 days in presentence credits, including 146 days of actual credit between the time of Watler's arrest and his intervening sentencing in another case.[2] Watler was ordered to pay various fees and fines.

In his supplemental brief, Watler incorrectly assumes the prosecution's case against him depended entirely on Babb's testimony. He contends his appellate counsel was ineffective for filing a *Wende* brief. He also contends his trial counsel was ineffective for failing to move for dismissal after Babb refused to testify and for compelling Watler to testify in his defense. The record does not support these contentions. The prosecution introduced testimony about Watler's admission of his involvement in the shooting in its case in chief. Watler chose to testify after stating in open court that his counsel had advised him, at the court's direction, that the decision to testify was his alone. We have reviewed Watler's supplemental brief and the record on appeal, and find no arguable issues.

---

[2] On the record, the clerk counted 144 days between September 13, 2012 and February 3, 2013; the minute order corrected the calculation to 146 days.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.

4